UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CORY MCDONALD,<br><br>  Defendant. | Case No.: 1:12-cr-00099 JLT EPG<br><br>ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 57) |

Mr. McDonald moves the Court for an order terminating his supervised release early after having completed nearly all of his term of supervised release. Neither the government nor the U.S. Probation Office oppose the motion. For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

Mr. McDonald plead guilty in 2012 to being a felon in possession of a firearm according to 18 U.S.C. § 922(g)(1). (Doc. 20 at 1) Officers found two semi-automatic pistols in his kitchen, and he admitted both belonged to him. *Id*. at 8. The Court sentenced him to 46 months in prison and 36 months of supervised release to follow. (Docs. 25, 26)

He was release from prison in July 2015 and, initially, Mr. McDonald did well on supervision. (Doc. 50 at 1) He had stable housing by living with his mother and had obtained a job. (Doc. 48 at 2) However, after 15 months, he was arrested for residential burglary and

1  possession of stolen property. (Doc. 49 at 1) He was sentenced in state court and received a prison
2  term of 13 years and 4 months. *Id*. After completing the term of incarceration, he admitted to
3  violating his terms of supervision, by associating with gang members and committing the new
4  law violation. *Id*. By this time, Mr. McDonald had obtained a mentor and a voluntary job and had
5  been in custody because of the violation of terms of his supervised release for about two months.
6  (Doc. 52-1 at 2) Consequently, the Court imposed the sentence of time served. (Doc. 54)

7  Since that time, Mr. McDonald has complied with the terms of supervised release. (Doc.
8  60 at 1) He is scheduled to complete supervision in about 35 days.

9  **II.  Analysis**

10  The Court acknowledges its discretion to terminate supervision early in this case.  In
11  considering the motion, first, the Court notes that the underlying offense was quite serious and
12  dangerous. Mr. McDonald was involved in significant dangerous criminal activity and while on
13  supervised release, continued in that conduct.

14  Second, Mr. McDonald has served the remaining period of supervision without incident.
15  He has the support of his probation officer and the government, who do not oppose the early
16  termination of his supervision. Thus, the Court finds that Mr. McDonald has demonstrated that
17  the Court can safely terminate supervision at this time. For these reasons, and after considering
18  the §3583(e)(1) factors, the motion for early termination of supervised release is **GRANTED**.
19  Even still, if there any unpaid criminal monetary penalties outstanding, he remains obligated to
20  pay these amounts and he **SHALL** do so.

IT IS SO ORDERED.

Dated:   **December 22, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

2